### MERTHE et v CRONIN

Ohio Appeals, 9th Dist, Lorain Co

No 615.   Decided Nov 30, 1932

Stetson & Butler, Elyria, for plaintiff in error.

Webber & Black for defendant in error.

PARDEE, PJ.

The defendant sets forth five grounds of error which he claims entitle him to a new trial, as follows:

1. Error in admission of testimony and disparaging cross-examination.

2. That the verdict of the jury is manifestly against the weight of the evidence.

3. Error of the trial judge in his charge in assuming facts which should have been determined by the jury.

4. Error of the trial judge in his charge on the subject of burden of proof.

5. Error in the charge as to the measure of damages.

The first alleged ground of error will be considered as the last one.

The second, third, fourth and fifth alleged grounds of error, as hereinbefore set forth, have each been carefully considered by us, and from an examination of the bill of exceptions we are unable to say that the verdict of the jury is manifestly against the weight of the evidence, and there is no prejudicial error in the charge of the court with reference to the trial judge assuming facts which should have been determined by the jury, and the trial judge properly charged upon the burden of proof, and as to the measure of damages if the jury should find a liability in favor of the plaintiff and against the defendant.

As to the first alleged ground of error. It was admitted in the pleadings and at the trial that the plaintiff was employed by the defendant as alleged in the petition, and it was admitted at the trial that the plaintiff had been discharged by the defendant; so the only thing, in an orderly procedure, which the plaintiff was required to prove in chief, was the amount of his damage; and having done this, the plaintiff ought to have rested his case and put the burden upon the defendant, where it belonged, of showing that the defendant was justified in discharging the plaintiff.

Instead of following this orderly procedure—i.e., permitting the defendant to make his defense and then offering proper evidence in rebuttal—the plaintiff anticipated, at the outset and as a part of his case in chief, by the cross-examination of the defendant and otherwise, the defense which would be made. The plaintiff went to great length in cross-examining said defendant, and in other ways in his case in chief, to prove that said defendant at the time the contract of employment was made, was an habitual drunkard and remained one until the defendant returned to the

store along in March, 1929, in a normal, sober condition. The evidence clearly shows that from the time the defendant returned to the store, as aforesaid, and while the plaintiff was still in the employment of said defendant, the defendant was in a normal, sober condition, and there is no evidence in the record which tends to show that he was in an intoxicated condition at any time during any of said period of time.

Over the objection and exception of the defendant, the plaintiff offered a very large amount of evidence in chief and otherwise as to the second and third causes of action of the petition, although the same had been withdrawn from the consideration of the jury by the trial judge at the conclusion of the opening statement of the plaintiff, and a part of said evidence was to the effect that the plaintiff was to have the opportunity of acquiring an interest in the business as a bonus, when the written contract was entirely silent upon that subject.

We think that the injection into the trial, both by direct evidence and by cross-examination of many witnesses, by the plaintiff, of the evidence as to the defendant's drunkenness and his conduct in the store for the first few months after the contract was made, was erroneous and very prejudicial, because we feel, upon the record, that it did not make any difference what the situation might have been at the time the contract of employment was entered into or subsequent thereto up to March, 1929, as that situation was entirely removed and had been removed for many months before the plaintiff was discharged; and the conduct of said defendant prior to March, 1929, had no bearing at all upon the situation subsequent to said time and prior to the time of said discharge.

The extent to which said matter was emphasized by repeated argument to the court in the presence of the jury and by repeated and persistent reference to the same in examination of witnesses throughout the trial, and by devoting so much of the record to said matter, renders it very probable that the verdict of the jury was influenced thereby and that the defendant did not have the fair trial to which he was entitled.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings according to law.

WASHBURN and FUNK, JJ, concur in judgment.